

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 1 8 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE SEC,<br><br>Plaintiffs,<br><br>vs.<br><br>HOMESTEAD PROPERTIES, L.P.,<br>HOMESTEAD LIMITED, L.L.C.,<br>CALIFORNIA WEALTH<br>MANAGEMENT GROUP, d.b.a. IFC<br>ADVISORY, HEATH M.<br>BIDDLECOME, and WILLIAM C.<br>TAK,<br><br>Defendants,<br><br><br>HOMESTEAD NORTHLAND MHC,<br>LLC, and JACKSON MHC, L.L.C.,<br><br>Relief Defendants, | Case No.: SACV09-01331-CJC(MLGx)<br><br><br>**PRELIMINARY INJUNCTION AND<br>OTHER PROVISIONAL RELIEF** |

## I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff the Securities and Exchange Commission ("SEC") has filed a Complaint seeking a permanent injunction and other relief, and a motion for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.  The Court has considered the Complaint, exhibits, memoranda, and declaration, and now finds and concludes that:

A.   This Court has subject matter jurisdiction over this action.

B.   On November 12, 2009, the SEC filed an *Ex Parte* Application for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, and (4) Granting Expedited Discovery, and (5) an Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver.

C.   On November 16, 2009, the Court granted a temporary restraining order ("TRO") and orders freezing assets, appointing Robb Evans & Associates LLC as temporary receiver, and prohibiting the destruction of documents.  The Court also ordered to show cause why a preliminary injunction should not issue and why a permanent receiver should not be appointed.

D.   As part of its November 16, 2009 TRO, the Court found that there is good cause to believe that Defendants Homestead Properties, L.P., Homestead Limited, L.L.C., IFC, Biddlecome, and Tak might be engaging in, or may continue to engage in, practices that violate Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5 thereunder,

17 C.F.R. § 240.10b-5, and Sections 204, 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-4, 80b-6(1), (2) and (4) and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

## II.  DEFINITIONS

a.  "Defendants" refers to Homestead Properties, L.P., Homestead Limited, L.L.C., California Wealth Management Group, d.b.a. IFC Advisory, Heath Biddlecome, and William C. Tak;

b.  "Relief Defendants" refers to Homestead Northland MHC, LLC and Jackson MHC, L.L.C.;

c.  "Homestead Entities" refers to Homestead Properties, L.P., Homestead Limited, L.L.C., Homestead Northland MHC, LLC and Jackson MHC, L.L.C.

## III.  PRELIMINARY INJUNCTION

Defendants, Relief Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction and Other Provisional Relief, by personal service or otherwise, and each of them, are PRELIMINARILY RESTRAINED AND ENJOINED from directly or indirectly transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in

real property, wherever located, of Defendants Homestead Entities or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement, of the Defendants Homestead Entities, and their subsidiaries and affiliates.

## IV.   ASSET FREEZE

IT IS ORDERED that a freeze shall continue to be placed on the following accounts:

| Bank Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 888-7914102 |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 285-8490341 |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 186-4318785 |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 293-4909595 |
| Wells Fargo Bank, NA | Homestead Northland HMC, LLC | 786-6608920 |
| American Funds | Homestead Properties, L.P. | 83017486 |
| Charles Schwab | Homestead Properties, L.P. | 2424-5834 |

## V.   DOCUMENTS

A.   IT IS ORDERED that, except as otherwise ordered by this Court, Defendants, Relief Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual

notice of this Preliminary Injunction and Other Provisional Relief, by personal service or otherwise, and each of them, be and hereby are PRELIMINARILY RESTRAINED AND ENJOINED from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants and Relief Defendants, and their subsidiaries and affiliates.

B.   IT IS FURTHER ORDERED that representatives of the SEC and the permanent Receiver appointed herein shall be immediately allowed to inspect the books, records, and other documents of Defendants and Relief Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, including, but not limited to, electronically stored data, tape recordings, and computer discs, whether they may be situated and whether they are in the possession of the Defendants or Relief Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated; and that the U.S. Marshal's Office is authorized and directed to accompany and assist SEC representatives and designated agents of the SEC, as well as agents and employees of the permanent Receiver appointed herein, to assist said persons in the service and execution of this Preliminary Injunction and Other Provisional Relief and to undertake such efforts as are reasonably necessary to ensure that the terms of this Preliminary Injunction and Other Provisional Relief are effectuated.

C.   IT IS FURTHER ORDERED that representatives of the SEC are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendants, Relief Defendants, and their agents, owners, servants, employees, attorneys, subsidiaries and affiliates, and the SEC will have continuing access to inspect their funds, property, assets and collateral.

## VI.   RECEIVER

A.   IT IS ORDERED that the temporary Receiver appointed under this Court's TRO shall become permanent Receiver in this proceeding with all of the duties and powers set forth in the TRO.  Pursuant to the TRO, Defendants, Relief Defendants, and all other persons served with a copy of the Preliminary Injunction and Other Provisional Relief shall cooperate fully with and assist the permanent Receiver.

B.   IT IS FURTHER ORDERED that the permanent Receiver shall file an interim report on or before January 4, 2010.  The interim report shall summarize information obtained by the permanent Receiver to date regarding the Defendants' and Relief Defendants' assets and liabilities, and shall include such additional information and recommendations as the permanent Receiver shall deem appropriate.  Any response to the permanent Receiver's interim report shall be filed on or before January 18, 2010.

C.   IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Defendants or Relief Defendants shall take any action or purport to take any action, in the name of or on behalf of the Homestead Entities without the written consent of the permanent Receiver or order of this Court.

D. IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants, Relief Defendants or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby PRELIMINARILY RESTRAINED AND ENJOINED from, directly or indirectly:

    i.  Commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC) against any of the Defendants or Relief Defendants;

    ii.  Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property or property interests owned by or in the possession of the Homestead Entities; and

    iii.  Doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent Receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of the Homestead Entities, or in any way to interfere with or harass the permanent Receiver or his or her attorneys, accountants, employees or agents or to interfere in any manner with

the discharge of the permanent Receiver's duties and responsibilities hereunder.

E.  IT IS FURTHER ORDERED that Defendants, Relief Defendants, and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys shall cooperate with and assist the permanent Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent Receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent Receiver of the funds, assets, collateral, premises, and choses in action described above.

F.  IT IS FURTHER ORDERED that except for an act of gross negligence, the permanent Receiver shall not be liable for any loss or damage incurred by any Defendants, Relief Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent Receiver in connection with the discharge of his or her duties and responsibilities.

G.  IT IS FURTHER ORDERED that the permanent Receiver and all personnel hired by the permanent Receiver as herein authorized, including counsel to the permanent Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Preliminary Injunction and Other Provisional Relief and for the actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by Defendants Homestead Properties, L.P., Homestead Limited, L.L.C., IFC, Relief Defendants and their subsidiaries and affiliates.  The

permanent Receiver shall file with the Court and serve on the parties periodic requests for payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Preliminary Injunction and Other Provisional Relief. The permanent Receiver shall not increase the hourly rates used as the basis for such fee applications without prior approval of the Court. The SEC shall have the right to object to any fee application made by the permanent Receiver.

H. IT IS FURTHER ORDERED that representatives of the SEC and the permanent Receiver appointed herein shall continually be permitted to inspect the books, records, and other documents of Defendants, Relief Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, including, but not limited to, electronically stored data, tape recordings, and computer discs, whether they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated; and that the U.S. Marshal's Office is authorized and directed to accompany and assist SEC representatives and designated agents of the SEC, as well as agents and employees of the permanent Receiver appointed herein, to assist said persons in the service and execution of this order and to undertake such efforts as are reasonably necessary to ensure that the terms of this Preliminary Injunction and Other Provisional Relief are effectuated.

I. IT IS FURTHER ORDERED that Defendants, Relief Defendants, and their officers, agents, owners, servants, employees, attorneys, subsidiaries and affiliates shall cooperate fully with the SEC and the permanent Receiver to locate and provide representatives of the SEC and the permanent Receiver all

books and records of the Defendants, wherever such books and records may be situated.

## VII.   SERVICE AND CONTINUING JURISDICTION

A. IT IS ORDERED that copies of this Preliminary Injunction and Other Provisional Relief may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants or Relief Defendants that may be subject to any provision of this Preliminary Injunction and Other Provisional Relief.

B. IT IS FURTHER ORDERED that this Preliminary Injunction and Other Provisional Relief shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

DATED:      December 18, 2009

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE