# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HOMESTEAD PROPERTIES, L.P.; HOMESTEAD LIMITED, L.L.C.; CALIFORNIA WEALTH MANAGEMENT GROUP, d.b.a. IFC ADVISORY; HEATH M. BIDDLECOME; and WILLIAM C. TAK<br><br>Defendants,<br><br>HOMESTEAD NORTHLAND MHC, LLC and JACKSON MHC, L.L.C.<br><br>Relief Defendants. | Case No. SAV09-01331-CJC(MLGx)<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS HOMESTEAD PROPERTIES, L.P., HOMESTEAD LIMITED, L.L.C., AND RELIEF DEFENDANTS HOMESTEAD NORTHLAND MHC, LLC, AND JACKSON MHC, L.L.C.** |

Plaintiff Securities and Exchange Commission ("Commission") moved for Summary Judgment pursuant to Fed. R. Civ. P. 56, and Local Rules 56-1 through 56-4 against Defendants Homestead Properties, L.P. ("Homestead"), Homestead Limited, L.L.C. ("Limited"), and William C. Tak ("Tak"), together with the Relief Defendants Homestead Northland MHC, L.L.C. ("Northland") and Jackson MHC, L.L.C. ("Jackson").

The Commission's Motion came before the Court for hearing on May 9, 2011. The Court, having considered the Commission's Motion, the Memorandum of Points and Authorities, the Declarations including Exhibits relating thereto, the Statement of Uncontroverted Facts and Conclusions of Law, and other documents filed in support of the Motion, all documents filed in opposition to the Motion and all other evidence and argument presented regarding the Motion, finds that:

**I.**

IT IS HEREBY ORDERED that the Commission's Motion for Summary Judgment against Defendants Homestead and Limited, as well as Relief Defendants Northland and Jackson is GRANTED.

**II.**

IT IS HEREBY FURTHER ORDERED that the Commission's Motion for Summary Judgment against Defendant Tak is DENIED.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Homestead and Limited and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use

| | | |
|---|---|---|
| 1 | | of any means or instruments of transportation or communication in |
| 2 | | interstate commerce or of the mails to sell such security through the |
| 3 | | use or medium of any prospectus or otherwise; |
| 4 | (b) | Unless a registration statement is in effect as to a security, carrying or |
| 5 | | causing to be carried through the mails or in interstate commerce, by |
| 6 | | any means or instruments of transportation, any such security for the |
| 7 | | purpose of sale or for delivery after sale; or |
| 8 | (c) | Making use of any means or instruments of transportation or |
| 9 | | communication in interstate commerce or of the mails to offer to sell |
| 10 | | or offer to buy through the use or medium of any prospectus or |
| 11 | | otherwise any security, unless a registration statement has been filed |
| 12 | | with the Commission as to such security, or while the registration |
| 13 | | statement is the subject of a refusal order or stop order or (prior to the |
| 14 | | effective date of the registration statement) any public proceeding or |
| 15 | | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Limited and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which

|   |     | they were made, not misleading; or |
|---|-----|---|
|   | (c) | to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. |

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Limited and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;
(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## VI.

IT IS ORDERED, ADJUDGED AND DECREED that Homestead and Limited shall be liable jointly and severally for disgorgement of $9,800,000 plus prejudgment interest of $43,040.44, totaling $9,843,040.44, payable to the Court-appointed Receiver, Robb Evans & Associates, LLC (the "Receiver"), representing proceeds gained as a result of the conduct alleged in the First Amended Complaint. Defendants Homestead and Limited's payment obligations of $9,843,040.44 shall be deemed satisfied by the amounts recovered by the Receiver from the seizure of

Limited and Homestead through the date of the entry of this Final Judgment.

## VII.

IT IS ORDERED, ADJUDGED AND DECREED that Relief Defendant Northland shall be liable for disgorgement of $1,270,000.00 plus prejudgment interest of $5,577.69, totaling $1,275,577.69, payable to the Court-appointed Receiver, representing proceeds gained as a result of the conduct alleged in the First Amended Complaint. Relief Defendant Northland's payment obligations of $1,275,577.69 shall be deemed satisfied by the amounts recovered by the Receiver from the seizure of Northland through the date of the entry of this Final Judgment.

## VIII.

IT IS ORDERED, ADJUDGED AND DECREED that Relief Defendant Jackson shall be liable for disgorgement of $850,000.00, plus prejudgment interest of $3,733.10 totaling $853,733.10, payable to the Court-appointed Receiver, representing proceeds gained as a result of the conduct alleged in the First Amended Complaint. Relief defendant Jackson's payment obligations of $853,733.10 shall be deemed satisfied by the amounts recovered by Receiver from the seizure of Jackson through the date of the entry of this Final Judgment.

## IX.

IT IS FURTHER ORDERED that Robb Evans & Associates LLC shall continue as Court-appointed permanent Receiver in this case, until further order of this Court. The Receiver shall continue to control Defendants Homestead Properties, L.P. and Homestead Limited, L.L.C., and Relief Defendants Homestead Northland MHC, LLC and Jackson MHC, L.L.C. (the "Receivership Entities"). The Receiver is the agent of this Court in acting as Receiver herein. The Receiver is appointed with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of

the Receivership Entities. The Receiver shall continue to have access and control over all monies and assets in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held for and including the Receivership Entities, but not limited to, the accounts set forth below:

| **Bank Name** | **Account Name** | **Account No.** |
| --- | --- | --- |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 888-7914102 |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 285-8490341 |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 186-4318785 |
| Wells Fargo Bank, NA | Homestead Properties, L.P. | 293-4909595 |
| Wells Fargo Bank, NA | Homestead Northland HMC, LLC | 786-6608920 |
| American Funds | Homestead Properties, L.P. | 83017486 |
| Charles Schwab | Homestead Properties, L.P. | 2424-5834 |

The Receiver shall continue, until further order of this Court and its ultimate discharge by this Court, to have full powers, rights and obligations as set forth in prior Orders of this Court, including, the Temporary Restraining Order of November 16, 2009 (Dkt. No. 10), the Preliminary Injunction and Other Provisional Relief of December 18, 2009 (Dkt. No. 42), and the Amended Preliminary Injunction and Other Provisional Relief of May 4, 2010 (Dkt. No. 71).

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and all orders and decrees which have been entered or may be entered herein, and to grant such other relief as the Court may deem necessary and just.

*//*

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

DATED: May 17, 2011

_____
The Honorable Cormac J. Carney
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Ronnie B. Lasky
Ronnie B. Lasky
Attorney for Plaintiff
Securities and Exchange Commission