UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HOMESTEAD PROPERTIES, L.P.; HOMESTEAD LIMITED, L.L.C.; CALIFORNIA WEALTH MANAGEMENT GROUP, d.b.a. IFC ADVISORY; HEATH M. BIDDLECOME; and WILLIAM C. TAK<br><br>　　　　　Defendants,<br><br>HOMESTEAD NORTHLAND MHC, LLC and JACKSON MHC, L.L.C.<br><br>　　　　　Relief Defendants. | Case No.  SAV09-01331-CJC(MLGx)<br><br>**FINAL JUDGMENT<br>AS TO WILLIAM C. TAK** |

The Securities and Exchange Commission having filed a Complaint and Defendant William C. Tak ("Tak" or "Defendant") having entered general appearances; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Final Judgment as to William C. Tak in the form attached hereto (the "Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Tak and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed

1

with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Tak and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Tak and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Tak and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Tak shall be liable for disgorgement of $385,000.00, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $27,779.80, totaling $412,779.80. Defendant shall satisfy this obligation by paying $412,779.80 within 14 days after

1. entry of this Final Judgment by certified check, bank cashier's check, or United
2. States postal money order payable to the Robb Evans & Associates LLC, Receiver,
3. 11450 Sheldon Street, Sun Valley, CA 91352-1121.  The payment shall be
4. delivered or mailed to the Receiver, and shall be accompanied by a letter
5. identifying the payer's name as a defendant in this action; setting forth the title and
6. civil action number of this action and the name of this Court; and specifying that
7. payment is made pursuant to this Final Judgment.  Defendant shall simultaneously
8. transmit photocopies of such payment and letter to the Commission's counsel in
9. this action.  By making this payment, Defendant relinquishes all legal and
10. equitable right, title, and interest in such funds, and no part of the funds shall be
11. returned to Defendant.  These funds, together with any interest and income earned
12. thereon (collectively, the "Fund"), shall be held in the interest bearing account
13. until further order of the Court.  The Commission may propose a plan to distribute
14. the Fund subject to the Court's approval.  Defendant shall pay post-judgment
15. interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

17. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
18. Defendant Tak is liable for a civil penalty in the amount of $65,000.00 pursuant to
19. Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); and Section 21(d)(3) of the
20. Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant Tak shall satisfy this obligation
21. by paying $65,000.00 within 14 days after entry of this Final Judgment by certified
22. check, bank cashier's check, or United States postal money order payable to the
23. Robb Evans & Associates LLC, Receiver, 11450 Sheldon Street, Sun Valley, CA
24. 91352-1121.  The payment shall be delivered or mailed to the Receiver, and shall
25. be accompanied by a letter identifying the payer's name as a defendant in this
26. action; setting forth the title and civil action number of this action and the name of
27. this Court; and specifying that payment is made pursuant to this Final Judgment.
28. Defendant shall simultaneously transmit photocopies of such payment and letter to

the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

These funds, together with any interest and income earned thereon (collectively, the "Fund") shall be held by the Receiver.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant Tak shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Tak's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Tak's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant Tak shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and all orders and decrees which have been entered or may be entered herein, and to grant such other relief as the Court may deem necessary and just.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

DATED: January 5, 2012

_____
The Honorable Cormac J. Carney
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Ronnie B. Lasky
Donald W. Searles, Esq.
Ronnie B. Lasky, Esq.
Attorneys for Plaintiff
Securities and Exchange Commission